James D. Greene, Esq.
Nevada Bar No. 002647
**RICE SILBEY REUTHER & SULLIVAN, LLP**
3960 Howard Hughes Parkway, Suite 700
Las Vegas, Nevada 89169
Ph: (702) 732-9099
Fax: (702) 732-7110
E-mail: jgreene@rsrslaw.com

Counsel for Debtor-in-Possession

E-filed: *February 10, 2010*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HIGHLAND STREET GROUP, LLC<br><br>Debtor. | Bankruptcy No. BK-S-09-27639-MKN<br>Chapter 11<br><br>**Hearing Date:  March 17, 2010**<br>**Hearing Time: 9:30 a.m.** |

**DECLARATION OF AUDREY KANTHACK IN SUPPORT OF MOTION FOR ORDER SUBSTANTIVELY CONSOLIDATING CASES OR, IN THE ALTERNATIVE, JOINT ADMINISTRATION**

I, AUDREY KANTHACK, hereby declare as follows:

1.      I am the Chief Financial Officer for Resort Entertainment Companies, LLC ("REC").  REC offices are located at 3855 South Jones Boulevard, Suite 102, Las Vegas, Nevada.  I make this declaration in support of the Motion for Substantive Consolidation or, in the Alternative, Joint Administration, filed in this Court in Cases *In re Highland Street Group, LLC, Case No. 09-27639-MKN* and *In re Sutter Street Investments, LLC, Case No. 09-33762*.  I have personal knowledge of the facts set forth herein and I am competent to testify regarding them if called as a witness in this matter.

2.      I have been employed with REC as its CFO for approximately six and a half (6.5) years and I am responsible for maintaining the finances for REC and other entities that are managed by REC, of which Highland Street Group, LLC ("Highland") and Sutter Street Investments, LLC ("Sutter") (collectively the "Debtors") are included.  The other companies managed by REC include Merlin's Highland LLC ("MH"), which is 50% owner of Highland and Mid Valley Enterprises, LLC ("Non-Debtor Entities").

1

3. Highland owns 100% of Sutter and, as stated above, MH owns 50% of Highland, the other 50% ownership of Highland is identified in its Statement of Financial Affairs, item 21. *See In re Highland Street Group, LLC*, Case No. 09-27639, Docket No. 19, p. 21.

4. Highland is the owner of real property located at 2580 Highland Drive, Las Vegas, Nevada (APN 162-09-110-021) and 2850 Highland Drive, Las Vegas, Nevada (APN 162-09-110-035) (collectively "Real Property"). Sutter is the operator of an adult cabaret business, which is located on the Real Property. The purpose for establishing two separate entities for the ownership of the Real Property and the operation of the business was to limit liability exposure for the ownership of the Real Property. Although the Debtors are separate Nevada limited liability companies, they act in concert with one another, each derive their income from the proceeds of the business.

5. Although the Debtors each own separate bank accounts, they have commingled the payments to each other creditors. Over the course of the past several years Highland has received, at various times, capital contributions from its members for the purpose of payment of its obligations, but also of Sutter obligations, such as liability insurance, employee wages and utilities. Additionally, Sutter has made payment to Highland's creditors, such as, payment for property taxes and lease obligations. For the first several years that Highland/Sutter owned the Real Property and operated the adult cabaret, the business was profitable. Recently, however Sutter's operation of the adult cabaret has resulted in losses and members of Highland have been forced to infuse capital to keep the business viable. These financial struggles and corresponding commingling has occurred over the past several years as the economy began to worsen, and in part, due to the "cab wars." The payment of the Debtors' creditors was determined not by which entity owed a particular debt, but rather which entity had sufficient available funds for said payments.

///

///

///

2

6. Highland entered into a lease agreement with Sutter on or about April 12, 2003, wherein, Sutter was to pay a monthly rental obligation of $78,000 to Highland, pursuant to an addendum to the lease entered into between the Debtors on or about November 10, 2005, which decreased the monthly rental obligation to $30,000. However, Sutter has not had the resources to pay Highland the monthly rent for well over a year and prior to that Sutter only made sporadic payments.

7. In recent years, the manager of the Debtors viewed the Debtors as a single entity and failed to keep corporate formalities as it relates to funds received by the Debtors. Furthermore, Sutter's income tax filings were all done under Highland's name. These facts indicate that treatment of the Debtors as a single entity is appropriate.

I verify and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 9th day of February, 2010.

                                           */s/ Audrey Kanthack*
                                           AUDREY KANTHACK

**RICE SILBEY REUTHER & SULLIVAN, LLP**
Howard Hughes Parkway, Suite 700
Las Vegas, Nevada 89169
(702) 732-9099

3