James D. Greene, Esq., NV Bar No. 2647
**RICE SILBEY REUTHER & SULLIVAN, LLP**
3960 Howard Hughes Pkwy, Suite 700
Las Vegas, Nevada 89169
Ph: (702) 732-9099
Fax: (702) 732-7110
E-mail: jgreene@rsrslaw.com

E-Filed: *February 27, 2010*

Attorneys for Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HIGHLAND STREET GROUP, LLC,<br><br>Debtor. | Bankruptcy No. BK-S-09-27639-MKN<br>Chapter 11<br><br>**Hearing Date: March 24, 2010**<br>**Hearing Time: 9:30 a.m.** |

**FIRST INTERIM APPLICATION OF RICE SILBEY REUTHER & SULLIVAN, LLP, COUNSEL FOR DEBTOR, FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD SEPTEMBER 22, 2009 THROUGH AND INCLUDING JANUARY 31, 2010**

Rice Silbey Reuther & Sullivan, LLP ("RSRS"), bankruptcy counsel for Highland Street Group, LLC ("Debtor"), hereby files its First Interim Application of Rice Silbey Reuther & Sullivan, LLP, Counsel for Debtor for Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses During the Period September 22, 2009 through and including January 31, 2010 ("First Application") seeking allowance of compensation and reimbursement of expenses. Pursuant to the First Application, RSRS respectfully requests that the Court enter an Order:

a)    allowing RSRS's fees and costs for the period from September 22, 2009 through January 31, 2010 ("First Application Period") in the amount of $17,019.00 and reimbursement of actual and necessary expenses in the amount of $506.79, for a total of $17,525.79.

b)    authorizing RSRS to apply any retainer funds it has and authorizing the Debtor to pay to RSRS all unpaid fees and expenses as allowed by the Court, over and above such retainer funds;

1

1  c) determining that the total amount of professional fees charged by RSRS to be Debtor during the First Application Period are reasonable within the meaning of 11 U.S.C. §§ 330(a) and 331; and

d) determining that the total amount of reimbursable expenses incurred by RSRS during the First Application Period are actual and necessary within the meaning of 11 U.S.C. §§ 330(a) and 331.

The First Application is supported by the attached points and authorities and the exhibits to the First Application which contain descriptions and analysis of the professional services rendered and the expenses incurred by RSRS.

**RICE SILBEY REUTHER & SULLIVAN, LLP**
**BILLING SUMMARY**

| | |
|---|---|
| Fees Previously Requested | $0.00 |
| Fees Previously Awarded | $0.00 |
| Expenses Previously Requested | $0.00 |
| Expenses Previously Awarded | $0.00 |
| Retainer Paid | $25,000.00 |
| Drawn on Retainer | $7,505.32 |
| Remaining Retainer | $17,494.68 |
| Current Application Fees Requested | $17,019.00 |
| Current Application Expenses Requested | $506.79 |

**PROFESSIONAL SERVICES**

| Name | Graduation from Law School | Title | Hourly Rate | Hours this Application | Total Fees |
|---|---|---|---|---|---|
| James D. Greene | 1986 | Of Counsel | | 27.90 | $11,160.00 |
| Michael Kemple | N/A | Paralegal | | 43.40 | $5,859.00 |
| | | **TOTAL** | | **71.30** | **$17,019.00** |

///

///

2

**RICE SILBEY REUTHER & SULLIVAN, LLP**
3960 Howard Hughes Pkwy, Suite 700
Las Vegas, Nevada 89169
(702) 732-9099

## MATTERS

| Matter No. | Matter Name | Hours | Fees |
|---|---|---|---|
| 11328-003 | Fee Applications/Objections | 0.40 | $160.00 |
| 11328-004 | Case Administration | 48.10 | $11,157.50 |
| 11328-005 | Employment Applications/Objections | 5.50 | $1,537.50 |
| 11328-006 | Claims Administration and Objections | 0.70 | $147.50 |
| 11328-007 | Plan and Disclosure Statement | 6.30 | $1,062.50 |
| 11328-008 | Initial Motions | 2.40 | $324.00 |
| 11328-010 | Meeting of Creditors | 7.90 | $2,630.00 |
| | **TOTAL** | **71.30** | **$17,019.00** |

Overall blended Hourly Rate = $238.70

## EXPENSES

| Expenses | Rates | Total |
|---|---|---|
| Photocopies | $0.25 per page | $114.75 |
| Filing Fees | Actual Cost | $38.00 |
| Postage | Actual Cost | $57.04 |
| Facsimile Charges | Actual Cost | $7.00 |
| Attorney Service/Messenger | Actual Cost | $62.00 |
| Conference Call Service | Actual Cost | $22.98 |
| Research – Westlaw | Actual Cost | $183.34 |
| Research – Pacer | Actual Cost | $21.68 |
| **TOTAL** | | **$506.79** |

///
///
///

3

## POINTS AND AUTHORITIES

**I.   GENERAL BACKGROUND**

1. On or about September 22, 2009 ("Petition Date"), the Debtor filed its voluntary Chapter 11 petition, thereby commencing this bankruptcy case.

2. The Debtor is a single asset limited liability company and is the owner of real property located at 2580 Highland Drive, Las Vegas, Nevada (APN 162-09-110-021) to 2850 Highland Drive, Las Vegas, Nevada (APN 162-09-110-035) ("Real Property"), as the Debtor-In-Possession in accordance with sections 1107 and 1108 of the United States Bankruptcy Code.

3. This is the first interim fee application filed by RSRS in the above-captioned case. RSRS holds in its trust account retainer funds in the amount of $17,494.68.

4. Pursuant to this First Application, RSRS requests allowance of compensation of $17,019.00 and reimbursement of expenses of $506.79, in connection with services provided during the First Application Period for a total of $17,525.79.

**II.   JURISDICTION**

5. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case and this Application is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought are 11 U.S.C. §§ 330 and 331, and Fed. R. Bankr. P. 2016.

**III.   CASE STATUS**

6. The Debtor continues to own the Real Property as Debtor-In-Possession. Located on the Real Property is an adult cabaret which is owned and operated by Sutter Street Investment, LLC ("Sutter"). Sutter filed for Chapter 11 bankruptcy on December 21, 2009 and a motion to substantively consolidate the bankruptcy estates of the Debtor and Sutter was filed on February 9, 2010. RSRS continues to assist the Debtor with the normal administrative responsibilities that are typical in any Chapter 11 proceedings involving a business.

///

///

7. On or about December 21, 2009, the Debtor filed its proposed Plan of Reorganization. The Debtor has not yet filed its Disclosure Statement. However, at a hearing held on February 17, 2010, the Court ordered that the Debtor shall file a Joint Plan and Disclosure Statement on or before March 10, 2010 and scheduled a hearing for March 17, 2010.

8. On or about January 9, 2010, City National Bank ("CNB"), the Debtor's largest secured creditor, filed a motion for relief from stay in order to foreclose on the Real Property. Said motion was heard on February 10, 2010 and continued to February 17, 2010 then to March 17, 2010.

9. On or about February 9, 2010, the Debtor filed a motion to substantively consolidate its bankruptcy estate with Sutter's bankruptcy estate. The Court has scheduled this motion to be heard on March 17, 2010.

10. The Debtor has filed with the Court and served on the United States Trustee all required Monthly Operating Reports. The Debtor is current on its quarterly fee obligations to the United States Trustee's Office.

## IV. SERVICES RENDERED BY RSRS DURING THE FIRST APPLICATION PERIOD

11. The First Application Period encompassed by the First Application runs from September 22, 2009 to January 31, 2010. During the First Application Period, RSRS provided a wide range of services to the Debtor. The discussion below provides an overview of the services performed by task category. A detailed description of the work performed by RSRS in each of the categories listed below is contained in the Exhibits attached hereto.

12. <u>Fee Applications/Objections</u>. RSRS billed 0.40 hours ($160.00) for work regarding work related to the preparation of fee applications for professional services rendered to the Debtor. A copy of the invoice for fees in this category is attached hereto as **Exhibit 1**.

13. <u>Case Administration</u>. RSRS billed 48.10 hours ($11,157.50) for work regarding various matters, including the preparation and filing of the Debtor's Chapter 11 voluntary petition, schedules and statements, as well as preparation of amendments to such schedules and statements. Also included in this category is time spent in conferences and telephone calls and

5

emails with the representatives of the Debtor concerning the bankruptcy process and its status; verifying creditor information and updating the master mailing matrix; and advising the Debtor's representatives and others about various notices resulting from the bankruptcy filing. A copy of the invoice for fees and expenses in this category is attached hereto as **Exhibit 2**.

14. <u>Employment Applications/Objections</u>. RSRS billed 5.50 hours ($1,537.50) for work regarding the retention and employment of RSRS as legal counsel for the Debtor. Included in this time were the preparation of task categories for fee application purposes. A copy of the invoice for fees in this category is attached hereto as **Exhibit 3**.

15. Claims Administration and Objections. RSRS billed 0.70 hours ($147.50) for work relating to a creditor's claim against the Debtor. A copy of the invoice for fees in this category is attached hereto as **Exhibit 4**.

16. <u>Plan and Disclosure Statement</u>. RSRS billed 6.30 hours ($1,062.50) for work relating to researching and drafting a proposed plan of reorganization. Time was also expended in this category for conferring with client representatives regarding the plan and disclosure statement. As stated above, the Debtor has filed its proposed. A copy of the invoice for fees in this category is attached hereto as **Exhibit 5.**

17. <u>Initial Motions</u>. RSRS billed 2.40 hours ($324.00) for work regarding the "first day" motions filed on behalf of the Debtor as described above. Time in this category includes the drafting and preparation of various motions and applications, and other supporting papers and orders; conferring with the United States Trustee's Office and other interested parties; and attending hearings on the various motions and applications. The specific motions in this category are discussed above. A copy of the invoice for fees in this category is attached hereto as **Exhibit 6**.

18. <u>Meeting of Creditors</u>. RSRS billed 7.90 hours ($2,630.00) for work preparing to attend, and attending, the initial debtor interview at the United States Trustee's Office and the § 341(a) meeting of creditors (which was continued and completed at the second meeting). A copy of the invoice for fees and expenses in this category is attached hereto as **Exhibit 7**.

///

6

## V. CONTENTS OF THE ATTACHED SUPPORTING EXHIBITS

19. Attached hereto as Exhibits 1 through 7 are invoices for legal services of RSRS for each of the aforementioned categories. These invoices identify and provide descriptions of time expenditures during and including the First Application Period: (a) the dates on which RSRS performed the various professional services for the Debtor; (b) each individual that performed the various legal services for the Debtor; (c) the amount to time spent by each individual on each day for each task performed; and (d) specific daily descriptions of the services rendered. Also included on each monthly invoice are the expenses paid by RSRS on behalf of the Debtor.

20. The attached supporting Exhibits contain thorough and detailed descriptions of the legal services and expenses provided by RSRS for the benefit of the Debtor and its bankruptcy estate.

## VI. STANDARDS RELEVANT TO INTERIM PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENTS

21. The fees billed by RSRS to the Debtor for professional services rendered during the First Application Period total $17,525.79. This amount was calculated (as required by the United State Bankruptcy Code § 330) in accordance with the standards used to calculate what would be charged for comparable services in a non-bankruptcy context.

22. The pertinent factors to be considered in establishing fees for legal services rendered are: (a) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the attorney; (c) the fee customarily charged for similar services; (d) the amount involved and the results obtained; (e) the time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation and ability of the attorneys performing the services; and (h) whether the fee is fixed or contingent. *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977); American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2-106.

23. RSRS submits that its requested professional compensation during the First Application Period is fair and reasonable under the circumstances of this case and its representation of the Debtor herein.

24. RSRS has also incurred and paid out-of-pocket expenses totalling $506.79 during the First Application Period. The items for which expense reimbursement are being sought are not included in RSRS's overhead, and are not, therefore, a part of the hourly rates charged by RSRS.

25. Most of the photocopying charges have been incurred in reproducing: (a) pleadings prepared, filed and served in this case; and (b) research materials. RSRS charges 25¢ per page for photocopying. The legal research performed by RSRS was conducted through Westlaw. All of the Westlaw charges incurred in this matter are the actual costs for the utilization of Westlaw.

26. RSRS submits that the expenses it has incurred and paid in rendering legal services to, and for the benefit of, the Debtor during the First Application Period are reasonable and necessary under the circumstances of this case and that the reimbursement to RSRS for such expenses is appropriate and should be allowed.

**VII. COMPLIANCE WITH SECTION 504 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2016**

27. RSRS has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which RSRS is seeking compensation and reimbursement as set forth in the First Fee Application, except as permitted by Bankruptcy Code § 504(b)(1).

///

///

///

8

**VIII. CONCLUSION**

WHEREFORE, RSRS respectfully requests that the Court enter an Order:

1. For the period from September 22, 2009 to January 31, 2010, allowing RSRS's professional compensation in the amount $17,019.00 of, and reimbursement of actual and necessary expenses in the amount of $506.79, for a total of $17,525.79.

2. Determining that the total amount of professional fees charged by RSRS to the Debtor during the First Application Period are reasonable within the meaning of 11 U.S.C. § 330(a); and determining that the total amount of reimbursable expenses incurred by RSRS during the First Application Period are actual and necessary within the meaning of § 330(a).

3. Authorizing the Debtor to pay to RSRS all unpaid fees and expenses as allowed by the Court; and

4. Granting such other and further relief as the Court deems just and appropriate.

DATED this 26th day of February, 2010.

RICE SILBEY REUTHER & SULLIVAN, LLP

 */s/ James D. Greene*
James D. Greene, Esq.
3960 Howard Hughes Parkway, Suite 700
Las Vegas, NV 89169

9